946 F.2d 895
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin E. PHILLIPS, Plaintiff-Appellant,
v.
COUNTY OF MONTGOMERY, Defendant-Appellee,
City of Kettering, Defendant.
 No. 91-3449.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1991.
 
 1
 Before BOYCE F. MARTIN JR. and MILBURN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Marvin Phillips, a pro se Ohio prisoner, appeals the judgment of the district court that dismissed his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On Friday, May 13, 1988, Montgomery County, Ohio police operating undercover arrested Phillips for offering to sell cocaine. He was transported to the Montgomery County Jail, processed and produced for initial court appearance before the Kettering Municipal Court three days later, on Monday, May 16, 1988. On August 10, 1988, Phillips pled guilty to charges of aggravated drug trafficking and was sentenced to three to fifteen years imprisonment. Phillips was additionally ordered to forfeit his automobile.
 
 
 4
 As a result of these events, Phillips filed a civil rights action against Montgomery County and the City of Kettering alleging numerous violations of his constitutional rights due to his arrest, conviction and the conditions of his pre-trial incarceration. The magistrate, sitting by agreement, dismissed all claims against the City and limited those against the County to the claims discussed below. Both parties then moved for summary judgment. On March 26, 1990, the magistrate entered summary judgment on behalf of the County.
 
 
 5
 Upon review, we conclude that the district court properly entered summary judgment against Phillips pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Summary judgment is properly granted a moving party when the undisputed facts demonstrate that the nonmoving party cannot present sufficient evidence for a jury to return a verdict in its behalf. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In this instance, the undisputed facts reveal that Phillips can not prevail on his constitutional claims.
 
 
 6
 A review of the record reveals no deliberate indifference to Phillips' medical needs sufficient to satisfy the standard of Estelle v. Gamble, 429 U.S. 97, 104 (1976). Phillips' guilty plea to charges of aggravated trafficking forecloses him from arguing that his arrest, or the forfeiture of his automobile, were accomplished without probable cause. Walker v. Schaeffer, 854 F.2d 138 (6th Cir.1988). The weekend delay between Phillips' arrest on a Friday afternoon and his initial court appearance on the following Monday morning was not the result of any policy or practice attributable to the County of Montgomery and therefore it cannot be held responsible under § 1983 for the schedule of the Kettering Municipal Court. See Pembaur v. City of Cincinnati, 475 U.S. 469, 477-81 (1986). Finally, Phillips' right to freedom of speech clearly was not violated by his arrest and prosecution for offering to sell drugs as such offers present a clear and present danger to the community that entitles the state to limit such speech. See Krause v. Rhodes, 570 F.2d 563, 571 (6th Cir.1977), cert. denied, 435 U.S. 924 (1978).
 
 
 7
 Phillips' additional arguments on appeal concerning the alleged failure of the district court to liberally construe his complaint or grant him additional time for discovery likewise are meritless. Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth above. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, U.S. Senior District Judge for the Eastern District of Michigan, sitting by designation